# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **JULIE ICE,** <br><br> Plaintiff, <br><br> v. <br><br> **UNUM LIFE INSURANCE COMPANY of AMERICA,** <br><br> Defendant. | Civil Action No. 3:20-CV-421-DJH <br><br> **COMPLAINT** |

## Introduction

1. This complaint seeks legal and equitable damages arising from and relating to a long-term disability policy insured by Defendant.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3. The factual allegations found in this complaint are not exhaustive, and are presented throughout this complaint so as to provide the requisite notice of the basis for Plaintiff's allegations.

## Jurisdiction & Venue

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## Parties

6. Plaintiff Julie Ice is a citizen of the United States, a resident of the Commonwealth of Kentucky, and an insured participant under the long-term disability ("LTD") insurance policy at issue in this lawsuit.

7. Defendant Unum Life Insurance Company of America ("Unum") is the insurer of the LTD policy at issue in this lawsuit. Unum does business as an admitted insurer, and can be regularly found operating, within the Commonwealth of Kentucky.

## Facts

8. Ms. Ice is insured under an LTD policy issued by Unum.

9. Ms. Ice ceased work in February 2013 because of the physical limitations resulting from her disabling conditions and corresponding treatment regimen. Subsequent to ceasing work, Ms. Ice has remained continuously disabled and unable to physically perform the duties necessary to engage in full-time gainful employment.

10. Unum agreed Ms. Ice was disabled and provided her with LTD benefits through December 2019.

11. Despite her physical inability to return to any gainful employment, and absent any improvement in her disabling conditions, in December 2019, Unum terminated Ms. Ice's claim for any further LTD benefits.

12. The termination of Ms. Ice's LTD benefits was flawed for a number of reasons, including, but not limited to:

- Unum relied upon the wrong definition of Disability in the LTD Policy—utilizing the Own Occupation definition as opposed to the Any Occupation definition, which requires a different analysis.

- Unum failed to establish any improvement in Ms. Ice's functional limitations—despite agreeing she met the LTD Policy definition of Disability for over four years.

- Aside from a conclusory statement, Unum failed to provide a complete discussion of its disagreement with Ms. Ice's award of Social Security Disability Income ("SSDI") benefits—in violation of ERISA's claim regulations.[1]

- Unum failed to give "significant weight" to Ms. Ice's award of SSDI benefits—contrary to its own internal guidelines, the Regulatory Settlement Agreement ("RSA"), its settlement agreement with the Massachusetts department of insurance, and controlling judicial decisions.

- Unum ignored Ms. Ice's treating physicians who actually examined her and instead accepted the opinions of its own paid record reviewer. Notably, despite specializing in "sleep medicine", the record reviewer provided his opinion from a "pulmonary perspective."

- Unum categorized Ms. Ice's occupation as "sedentary." However, Ms. Ice's occupation required "frequent travel" and should have been categorized as "light" duty.[2]

13. In administering Ms. Ice's LTD claim, as the termination letter makes clear, Unum actively sought to terminate her LTD benefits.

14. Ms. Ice timely appealed Unum's decision. However, on April 29, 2020, Unum upheld its prior decision to terminate her continued LTD benefits.

15. As with the original termination, the appeal denial of Ms. Ice's LTD benefits was flawed for a number of reasons, including, but not limited to:

- Unum again utilized the wrong definition of disability—relying upon the Own Occupation definition—and failing to analyze Ms. Ice's

---

[1] See 29 CFR 2560.503-1(g)(1)(vii)(A)(iii) (An adverse disability determination requires "an explanation for the basis for disagreeing with or not following…a disability determination regarding the claimant presented by the claimant to the plan made by the Social Security Administration.").

[2] *Luzzi v. Unum Life Ins. Co. of Am.*, 2020 U.S. Dist. LEXIS 35979, at *37 (C.D. Cal. Jan. 3, 2020) ("…it is common sense that his job, which requires frequent travel, is better characterized as 'light' work, not 'sedentary' work.").

claims under the appropriate Any Occupation definition.

- Unum again failed to establish any improvement in Ms. Ice's functional limitations.

- Unum again only provided a conclusory statement for its disagreement with Ms. Ice's award of SSDI benefits.

- Unum again improperly categorized Ms. Ice's occupation as "sedentary" as opposed to "light" duty.

- Unum again accepted the opinion of a non-examining record reviewer over those who had treated and examined Ms. Ice.

- Unum failed to specifically identify the "reviewing physician" it relied upon in its appeal determination letter.[3]

- Unum's "reviewing physician" was identified as only being certified in "internal medicine"—not the specialty necessary to address Ms. Ice's disabling conditions (e.g. cystic fibrosis).[4]

- Unum failed to provide Ms. Ice with the new evidence it obtained during the appeal process (e.g. the "reviewing physician" opinion) prior to making its decision.[5]

16. Ms. Ice has met and continues to meet the requirements of the insurance policy necessary to continue receiving monthly LTD benefits.

17. At all times relative hereto, Unum has been operating under an inherent and structural conflict of interest because any disability benefits provided to Ms. Ice are paid from

---

[3] *See* 29 CFR 2560.503-1(h)(3)(iv) ("Provide for the identification of medical or vocational experts whose advice was obtained on behalf of the plan in connection with a claimant's adverse benefit determination.").

[4] *See* 29 CFR 2560.503-1(h)(3)(iii) ("Provide that, in deciding an appeal of any adverse benefit determination that is based in whole or in part on a medical judgment…the appropriate named fiduciary shall consult with a health care professional who has appropriate training and experience in the field of medicine involved in the medical judgment.").

[5] *See* 29 CFR 2560.503-1(h)(4)(i) ("…before the plan can issue an adverse benefit determination on review on a disability benefit claim, the plan administrator shall provide the claimant, free of charge, with any new or additional evidence considered, relied upon, or generated by the plan, insurer, or other person making the benefit determination (or at the direction of the plan, insurer or such other person) in connection with the claim…").

Unum's own assets with each payment depleting those same assets.

18. Unum's corporate culture pressures claims personnel to terminate claims as well as to deny appeals in order to reduce disability benefits it must provide.

19. Employees who save Unum money by terminating or denying claims are more likely to be rewarded (e.g. with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

20. Ms. Ice has exhausted her administrative remedies.

21. Ms. Ice's complaint is timely and is not otherwise time barred.

## Claims

**A.     Breach of Contract**

22. The LTD policy constitutes a written contract.

23. Unum breached the terms of the insurance contract by, among other things, improperly terminating Ms. Ice's LTD benefits.

24. Unum's contractual breaches damaged Ms. Ice, not only in the loss of her LTD benefits, but also in the loss of earnings on the unpaid benefits, the loss of opportunity, and attorneys' fees and costs incurred.

25. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Ms. Ice to enforce the contractual terms of the insurance policy, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

**B.     Attorneys' Fees & Costs**

26. As a result of Unum's conduct, Ms. Ice has incurred attorneys' fees and costs.

27. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Ms. Ice to recover her reasonable attorneys' fees and costs.

## Prayer for Relief

28. Ms. Ice requests the Court enter judgment in her favor and against Unum on all claims asserted herein, to include legal and equitable relief as appropriate.

29. Ms. Ice requests the Court award reasonable attorneys' fees and costs.

30. Ms. Ice requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by Unum on the unpaid benefits.

31. Ms. Ice requests the Court award any and all other legal or equitable relief to which she may be entitled.

32. Ms. Ice requests leave to amend the complaint as needed.

\* \* \* \* \* \* \* \* \* \*

Dated:  June 11, 2020

Respectfully submitted,

s/ Andrew M. Grabhorn
Michael D. Grabhorn
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
*a.grabhorn@grabhornlaw.com*
**Grabhorn Law | Insured Rights®**
2525 Nelson Miller Parkway, Suite 107
Louisville, KY  40223
p: (502) 244-9331
f: (502) 244-9334

*Counsel for Plaintiff*